BLAIR *v.* MASON, *Ap't.*

A tenant at will, from month to month, cannot, without an agreement to that effect, apply a balance due him from the landlord for board to the payment of rent in advance, so as to extend his right of occupancy beyond the month.

PROCEEDING under the landlord and tenant act, by appeal from the police court of Lebanon. Facts found by the court. April 22, 1884, the defendant by a verbal bargain hired of the plaintiff the dwelling-house in question at a rent of $8 per month, to occupy the same as long as he should desire; but if the plaintiff should have an opportunity to sell he was to give the defendant such notice to quit as would afford him ample opportunity to find another dwelling. It was also agreed that the plaintiff should board in the defendant's family, and pay $3.75 per week for his board. Nothing was said about the time or mode of payment of the rent or board. The plaintiff boarded with the defendant until February 15, 1885. February 22, 1885, there was $14.42 due the defendant for board. February 28, 1885, the plaintiff gave the defendant a notice to quit on or before March 31, 1885, and April 6, 1885, commenced this action.

From these facts the court found and held that the tenancy was at will from month to month, that the rent was payable on the 22d day of each month, that the rent was paid to February 22, that the understanding of the parties was that there should be monthly settlements on the 22d day of each month, and that from the amount due from the plaintiff for board should be deducted the sum of $8 due from the defendant for rent, and that the bal-

ance be paid by the plaintiff in money; also, that the sum of
$14.42, due from the plaintiff for board, was applied by the defend-
ant, before the service of the notice to quit, to the payment of the
rent in advance from February 22 to April 15, and the court held
that the defendant had the legal right to make such application,
the plaintiff not having paid or offered to pay that sum in money.
To these findings and holdings the plaintiff excepted.

*C. A. Dole,* for the plaintiff.

*Spring & Spring,* for the defendant.

ALLEN, J.　It is found by the case that the tenancy was one at
will from month to month, that the rent was payable on the 22d
day of each month, and that February 22, 1885, all rent due was
paid, and the plaintiff owed the defendant $14.42, which the plain-
tiff had agreed to pay in money.　This sum the defendant then
undertook to apply in payment of his use and occupation of the
premises in advance, and the court found that he had a legal right
to do so.　If this finding means that the defendant might, without
the agreement or consent of the plaintiff, extend the tenancy to a
time when the accrued rent should be equal to his claim against
the plaintiff, and so fix the time at which notice to quit might be
given, it was a finding that one party might, on his own motion,
change the existing contract of tenancy, and make a new one for
the purpose of collecting what was due from the other party.　The
plaintiff might have consented or agreed that the defendant should
have the use of the premises until April 15, the time when the
accrued rent would have been equal in amount to the sum he owed
the plaintiff, and that no notice should be given to quit at an ear-
lier day.　Such an agreement would have been a waiver of the
right to give the statutory notice of thirty days for terminating
the tenancy, and, no rent being due and no other fault being
shown, would have been binding on the plaintiff, and a notice to
quit at an earlier day than that agreed upon would not have had
the effect to terminate the tenancy nor entitled the plaintiff to a
judgment for possession.

But it does not appear that the plaintiff consented to the appli-
cation of his debt due the defendant, and which he had promised
to pay in money to the payment of rent in advance, nor to the
extension of the tenancy for a corresponding time, nor to limit the
right of giving notice to quit according to the statutory time.
And the defendant, by the mere application or attempted applica-
tion of the sum due from the plaintiff to the payment of rent in
advance, could not thereby extend the tenancy and claim the right
of use and occupation beyond the period originally agreed upon,
nor change the effect of the statutory notice to quit, any more
than any contract creditor could, for the purpose of collecting his

debt, without process seize and hold the debtor's property casually and without pledge in the creditor's possession.

Undoubtedly at the end of a month from the last settlement, or at any time when rent became due, the defendant could apply the plaintiff's debt to him in payment of such accrued rent, but he could not, without the consent or agreement of the plaintiff, create a new tenancy, nor make the existing one different from that agreed upon in the original contract, nor change the time within which notice to quit might be given by statute.

It was agreed that the defendant should have such notice to quit as would afford him ample opportunity to find another dwelling, and it does not appear that the notice given was too short for that purpose, nor that any question in that regard was made. The tenancy being one at will from month to month, and that not being changed or extended by agreement, and there being no waiver of the statutory time for notice to quit, and no stipulation for a different time or mode of terminating the tenancy, the notice given was sufficient, and the plaintiff is entitled to maintain his action for possession. On the facts reported there must be

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.